UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

            -v-                                       21-CR-755 (JPO)

DALIP KUMAR,                                 ORDER

                          Defendant.

---

J. PAUL OETKEN, District Judge:

On May 1, 2023, following a jury trial, Defendant Dalip Kumar was convicted of two counts of money laundering. This Court denied Kumar's motion for judgment of acquittal or a new trial on August 21, 2023. (ECF No. 92.) He was sentenced to nine months' imprisonment on October 12, 2023.

Kumar has moved for release on bail pending appeal. (ECF No. 106.) The parties have filed several letters addressing that motion. (ECF Nos. 107-110, 112.) Kumar argues that he has a "substantial" issue on appeal: whether there was sufficient evidence to support his conviction for money laundering where the "specified unlawful activity" was false use of a passport under 18 U.S.C. § 1543 but the evidence involved foreign passports intended for presentation to non-U.S. authorities.

After careful consideration, the Court concludes that Kumar has not met the standard for release pending appeal. As relevant here, 18 U.S.C. § 3143 provides that bail pending appeal is warranted where a defendant shows that his appeal "raises a substantial question of law or fact likely to result in (i) reversal [or] (ii) an order for a new trial . . . ." A "substantial" question is "a 'close' question or one that very well could be decided the other way"; it is a question that is "fairly debatable." *United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985) (citations omitted).

1

While the issue raised by Kumar is nonfrivolous and colorable, the Court concludes that it is not "substantial." To begin, the broad language of 18 U.S.C. § 1543 encompasses foreign as well as U.S. passports, and no court has held otherwise. *See United States v. Al Jibori*, 90 F.3d 22 (2d Cir. 1996); *United States v. Dangee*, 616 F.2d 1118, 1119 (9th Cir. 1980). Nor does Kumar's argument that the statute requires submission of a passport to American authorities present a substantial question in this case. Again, the breadth of the statute's language suggests that it does apply to fraudulent passports made in this country as long as they are intended to be "used" fraudulently, whether with foreign or domestic authorities. And in any event, a forged foreign passport made in the United States could be used as a form of identification within the United States. *See, e.g., United States v. Vrancea*, 136 F. Supp. 3d 378, 388 (E.D.N.Y. 2015); *United States v. Vrancea*, No. 12-CR-198 (E.D.N.Y.), ECF No. 78 at 118.

For the foregoing reasons, Kumar's motion for release on bail pending appeal is denied. The Clerk of Court is directed to close the motion at ECF Number 106.

SO ORDERED.

Dated: March 18, 2024
New York, New York

J. PAUL OETKEN
United States District Judge